IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN KUNSHENGZE ELECTRONIC COMMERCE CO., LTD,<br><br>　　　　Plaintiff,<br>　v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A.<br><br>　　　　Defendants. | No.  24-cv-03201<br>Judge Franklin U. Valderrama |

**ORDER**

    Plaintiff Shenzhen Kunshengze Electronic Commerce Co., Ltd. (Kunshengze) sued a number of entities listed in Schedule A of its complaint for patent infringement. R.[1] 2, Schedule A. The Court granted a temporary restraining order (TRO) and subsequently a preliminary injunction, enjoining the Defendants from selling allegedly infringing products. R. 17, TRO Order; R. 27, Preliminary Injunction Order. Defendant QIKANG-US (QIKANG) moved to vacate the preliminary injunction. R. 28, Mot. Vacate. QIKANG's fully briefed motion is before the Court, and for the reasons that follow, it is denied. R. 30, Resp.; R. 35, Reply.

    By way of background, on April 22, 2024, Kunshengze filed this action for design patent infringement. R. 1, Compl. That same day, Kunshengze sought a TRO to enjoin the Schedule A Defendants, including QIKANG, a China-based company that manufactures and sells toys and fitness equipment, from selling the allegedly infringing products. R. 8, Mot. TRO. This Court granted the TRO the next day, April 23, 2024. *See* TRO Order.

    According to QIKANG, on May 9, 2024, it received an email from Amazon notifying it of this lawsuit, stating that several of its listings would be removed and that disbursements would be withheld. Mot. Vacate at 1. The following day, QIKANG initiated settlement discussions with Kunshengze. Resp. at 2. These discussions were futile, as Kunshengze had yet to receive any sales information from Amazon regarding QIKANG's allegedly infringing products. *Id.* at 2.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

On May 17, 2024, Kunshengze received the information from Amazon and electronically served all Schedule A Defendants, including QIKANG. R. 21, Summons. That same day, Kunshengze moved for a preliminary injunction. R. 22, Mot. Preliminary Injunction. The following day, on May 18, QIKANG appeared through counsel, R. 25, and received "all the … necessary documents," including the motion for preliminary injunction and the accompanying memorandum in support. Mot. Vacate at 2.

Three days later, on May 21, the Court granted the preliminary injunction. Preliminary Injunction Order, and on May 23, QIKANG moved to dissolve the injunction. Mot. Vacate.

In support of its motion, QIKANG argues that it was not afforded a fair opportunity to contest the preliminary injunction or prepare for such opposition, warranting dissolution of the injunction pursuant to Federal Rule of Civil Procedure 65. Mot. Vacate at 3–4 (citing, *inter alia*, Fed. R. Civ. P. 65; *People ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989); *Fellowes, Inc. v. Fellowes Bus. Machines (Changzhou) Co.*, 2011 WL 8792153, at 2 (N.D. Ill. Sept. 26, 2011); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n.7 (1974)).

Kunshengze counters that QIKANG's lack of notice defense is inadequate as a matter of law. Resp. at 6. While acknowledging Rule 65's notice requirement, Kunshengze references Seventh Circuit precedent establishing that as little as one day's notice may be sufficient to satisfy the requirement. Resp. at 6–7 (citing, inter alia, *People ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n.7 (1974)). Relying on this precedent and the timeline of the contested injunction, Kunshengze argues that QIKANG had more than enough "time to contest the preliminary injunction on the merits, or, at a minimum, file a motion to set a briefing schedule." *Id*. The Court agrees with Kunshengze.

"TROs and preliminary injunctions are extraordinary and drastic remedies that 'should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Chen v. Partnerships and Unincorporated Associations Identified on Sched. A*, 2025 WL 47972, at *3 (N.D. Ill. Jan. 8, 2025) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Parties seeking such relief must show (1) they have some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) they will suffer irreparable harm if the court denies relief. *Ty, Inc. v. The Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001); *see also GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019).

If the Court is satisfied that the moving party meets this threshold showing, it "must weigh the harm that the plaintiff will suffer absent an injunction against the

2

harm to the defendant from an injunction." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023). In this Circuit, such balancing is known as a "sliding scale": "if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364. Finally, the Court must consider whether the injunction is in the public interest, which includes considering any effects on non-parties. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018); *see also Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994).

Here, the sole defense raised by QIKANG is lack of notice pursuant to Fed. R. Civ. P. 65. Notably, QIKANG has not challenged whether the aforementioned requirements for a preliminary injunction have been met. *See generally* Mot. Vacate. As such, the Court need not address them further. As the Supreme Court has explained, "[i]n our adversarial system of adjudication, we follow the principle of party presentation, [which is] designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (cleaned up).[2] The Court will not make arguments for the parties, nor should the parties expect that the Court will consider arguments that the parties could have made but did not.

That said, the Court will now address the merits of the argument QIKANG raised: lack of notice.

Under Fed. R. Civ. P. 65(a)(1), "[t]he [C]ourt may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and "improper notice is a ground for dissolving injunctive relief." *U.S. Commodity Futures Trading Comm'n v. Garofalo*, 2010 WL 11245430, at *3 (N.D. Ill. Dec. 21, 2010). However, "Rule 65 does not specify what constitutes sufficient notice." *Peters*, 871 F.2d at 1340.

The Supreme Court has clarified that a defendant must be "given a fair opportunity to oppose the application [of a preliminary injunction] and to prepare for such opposition." *Granny Goose Foods, Inc.,* 415 U.S. at 433 n.7. Nevertheless, this determination is left "primarily to the district court's discretion." *Id.*

In exercising this discretion, courts must consider the "totality of the circumstances" to determine whether notice provided was reasonable in a particular case. *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Several guiding principles emerge from case law: (1) "[s]ame-day notice is prohibited," *Garofalo*, 2010 WL 11245430, at *3 (citing *Granny Goose Foods, Inc.,* 415

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

U.S. at 433 n.7); (2) some courts apply the three-day notice rule of Rule 6(d) to preliminary injunctions, *id.* (citing *Harris County, Tex. v. CarMax Auto Superstores Inc.,* 177 F.3d 306, 326 (5th Cir. 1999); (3) this Circuit has upheld the sufficiency of one day's notice, *Peters*, 871 F.2d at 1340; and (4) Rule 65(a) does not require an evidentiary hearing. *Mechling v. Operator of Website Muaythaifactory.com*, No. 21 C 1538, 2021 WL 39110752, at *1 (N.D. Ill Sept. 1, 2021) (citing *In re Aimster Copyright Litig.*, 334 F.3d 643, 653–54 (7th Cir. 2003)). Ultimately, as these cases affirm, the central question is whether the party opposing the injunction "had a reasonable opportunity to respond in court." *Garofalo*, 2010 WL 11245430, at *3.

When a preliminary injunction is issued on an *ex parte* basis under circumstances resembling a TRO, and without the benefit of adversarial briefing, as occurred here, *see* Preliminary Injunction Order, the movant "bears the burden of persuading the Court that it should not disturb the injunction." *Chen*, 2025 WL 47972, at *3 (citing *Jiaxing Zichi Trade Co. v. Yang*, 2021 WL 4498654, at *3 n.3 (N.D. Ill. Aug. 19, 2021) (citing 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order."))). Here, Kunshengze has met its burden.

The record indicates that QIKANG had notice of this lawsuit no later than May 10, 2024. It also establishes that there were five days between when Kunshengze filed the contested motion for preliminary injunction (May 17, 2024) and when this Court issued its ruling on the same (May 21, 2024). During this time, QIKANG concedes, it had "all the necessary documents" as of May 18, 2024, which is also the same day its retained counsel entered an appearance in this case. The Court finds that this sequence of events indicates that QIKANG had sufficient opportunity to prepare its opposition. *Peters*, 871 F.2d at 1340; *Garofalo*, 2010 WL 11245430, at *3.

QIKANG's suggestion that its receipt of materials on a Saturday prejudiced its ability to respond is unavailing, since the timing of receipt, in isolation, does not inherently demonstrate prejudice. Mot. Vacate at 4. Courts have consistently emphasized that the adequacy of notice hinges on whether the opposing party had a reasonable opportunity to respond under the circumstances of the case. *See Granny Goose Foods*, 415 U.S. at 433 n.7; *Garofalo*, 2010 WL 11245430, at *3. Receiving materials on a Saturday does not automatically render the notice unreasonable or prejudicial, especially here, where QIKANG promptly retained counsel and had several days to prepare.

Moreover, QIKANG fails to explain why its counsel "only began working on this case" on Monday, May 20, 2024. Mot. Vacate at 4. Without advancing any unraised arguments for QIKANG, *see Sineneng-Smith*, 140 S. Ct. at 1579, generally "it is widely accepted that neglect due to a busy schedule is not excusable."

*Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006); *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (rejecting a party's argument that, because her lawyer was dealing with dozens of other cases, his failure to file a timely request for an extension was excusable). In short, QIKANG has not demonstrated specific harm or an inability to respond effectively due to the timing of receipt.

Additionally, QIKANG's inaction undermines any claims of prejudice. Although QIKANG had access to the necessary materials as of May 18, 2024, it neither requested an extension of time, objected to the adequacy of notice, nor requested an evidentiary hearing prior to Court ruling on May 21, 2024. *See Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002) ("[I]t was not necessary for the district court to hold a hearing before ruling on the motion for preliminary injunction. An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact in response to a motion for a preliminary injunction."). This lack of diligence weighs against its claim of procedural unfairness.

At bottom, given these facts, and in light of the Supreme Court's guidance (*Granny Goose*, prohibiting same-day notice), Seventh Circuit's precedent allowing one day's notice (*Peters*), and the three-day notice rule applied by some courts in this Circuit under Rule 6(d), the Court finds that QIKANG was indeed afforded "a fair opportunity to oppose the application [of the contested preliminary injunction] and to prepare for such opposition." *Granny Goose Foods, Inc.,* 415 U.S. at 433 n.7. The absence of any demonstrable prejudice, the five-day notice period, and QIKANG prompt response (filing an appearance the day after Kunshengze moved for a preliminary injunction) bolster the Court's determination that the notice provided was both sufficient and reasonable under the circumstances.

For the aforementioned reasons, QIKANG's motion to vacate is denied.

Date: 3/17/2025

United States District Judge
Franklin U. Valderrama